# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kendall D. Reese | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 18-CV-03300-NIQA |
| | : | |
| | : | |
| Uber Technologies, Inc., *et al.* | : | |
|     Defendants | : | |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of Plaintiff, Kendall D. Reese's response and sur reply in opposition to Defendant, Uber's Motion To Dismiss, and all replies thereto.

Defendant's Motion To Dismiss is DENIED. Defendant shall file complete answers to the Amended Complaint within Twenty (20) Days.

BY THE COURT:

_____
J.

**QAR**
BY:  Qawi Abdul-Rahman, Esquire                     Attorney For Kendall D. Reese
IDENTIFICATION NO.:  90454
100 South Broad Street, Suite 910
Philadelphia, PA  19110
Phone:  (215) 972-7017
Fax:     (215) 972-7087
justusseeker@gmail.com

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| Kendall D. Reese | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 18-CV-03300-NIQA |
| | : | |
| | : | |
| Uber Technologies, Inc., *et al.* | : | |
|     Defendants | : | |

### PLAINTIFF, KENDALL D. REESE'S SUR REPLY IN OPPOSITION TO
### THE DEFENDANT, UBER TECHNOLOGY, INC.'S MOTION TO DISMISS

This is a federal civil rights and related state law action by Plaintiff, Kendall D. Reese ("Mr. Reese" or "Plaintiff"), seeking declaratory and injunctive relief, damages and punitive damages against the named Defendants for violations of his rights guaranteed under the laws of the United States and for personal and other injuries in violation of laws of the Commonwealth of Pennsylvania.  Defendant, Uber Technology, Inc., has moved to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(6); Mr. Reese responds in opposition.

### I. RELEVANT PROCEDURAL HISTORY

On May 14, 2019, Defendant Uber Technology, Inc. renewed its March 15, 2019 motion to dismiss the Amended Complaint.  See Reese v. Uber, Docket No. 18-CV-03300-NIQA (E.D.Pa., May 14, 2019)("*Uber's Motion To Dismiss*"); Dist. Ct. doc. no. 27; Reese v. Uber, Docket No.

2

18-CV-03300-NIQA (E.D.Pa., Mar. 15, 2019)("*Uber's Motion To Dismiss*"); Dist. Ct. doc. no. 18. In its *Motion To Dismiss*, Defendant Uber seeks dismissal based upon a constitutionally defective and otherwise invalid arbitration agreement that it claims Mr. Reese voluntarily consented to when became an Uber rideshare driver. *Id.* Furthermore, in Defendant Uber's view, this Court must apply the Federal Arbitration Act and state law contract principles to dismiss Mr. Reese's lawsuit. *Id.*

On June 6, 2019, Mr. Reese argued in response, the Federal Arbitration Act does not mandate arbitration in this case because Mr. Reese, as interstate transportation worker, cannot be compelled to arbitrate. See Reese v. Uber, Docket No. 18-CV-03300-NIQA (E.D.Pa., Jun. 6, 2019)("*Reese's Response in Opposition To Uber's Motion To Dismiss*"); Dist. Ct. doc. no. 33.

On June 20, 2019, Defendant Uber replied to Mr. Reese's response arguing that, as an Uber Rideshare Driver, Mr. Reese was not engaged in the movement of goods in interstate commerce. See Reese v. Uber, Docket No. 18-CV-03300-NIQA (E.D.Pa., Jun. 20, 2019)("*Uber's Reply To Reese's Response in Opposition To Uber's Motion To Dismiss*"); Dist. Ct. doc. no. 34. As argued herein, Mr. Reese's role as an Uber Rideshare Driver also encompassed food and small package delivery. See *Reese Exhibit A*. Thus, he cannot be compelled to arbitrate.

## II. LEGAL ARGUMENTS

A. Mr. Reese's Role As An Uber Rideshare Driver Encompassed Food And Small Package Delivery.

It is important to remember that Defendant Uber is an interstate transportation and commerce company engaged in the transportation of people and delivery of goods in the flow of interstate commerce. One of Defendant Uber's lines of business is the Uber Eats delivery service. Customer's routinely take advantage of Defendant Uber's provision of a car and driver for "off menu" services, such package delivery and "lost and found" retrieval services. During the

time Mr. Reese was employed in his capacity as an Uber Rideshare Driver, Mr. Reese was engaged in interstate transportation and commerce because he routinely delivered meals from restaurants through the Uber Eats Service and he delivered packages and lost items to customers. See *Exhibit Reese-A* (Affidavit of Kendall Reese, at ¶ 4 (E.D.Pa., Jun. 24, 2019)).

In Circuit City Stores. Inc. v. Adams, 532 U.S. 105 (2001), the Supreme Court held that arbitration agreements are enforceable under the Federal Arbitration Act in the employment context. However, the Supreme Court recognized that the Federal Arbitration Act excludes from the Act's coverage "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *Id.*, at 109. The United States Court of Appeals for the Third Circuit, relying on Circuit City, found that an employee of a package delivery company was such a worker engaged in "interstate commerce." Palcko v. Airborne Express. Inc., 372 F.3d 588 (3rd Cir, 2004). In that case, the employee at issue merely supervised between 30 and 35 truck drivers who delivered packages in interstate commerce and the direct supervision of such package shipments made the employee's work so closely related to interstate commerce as to be in practical effect a part of it. *Id.*, at 590; see also Marciano v. MONY Life Insurance Company, 470 F.Supp.2d 518, 524 (E.D.Pa. 2007)(Robreno, J.)("[w]hether the arbitration agreement is connected to a transaction involving interstate commerce is a factual determination that must be made by the Court"). However, factual determinations are "not appropriate for resolution through a motion to dismiss." Bivines v. Temple University of the Commonwealth System of Higher Education, 284 F.Supp.3d 587, 590 (E.D.Pa. 2018).

Finally, contrary to Defendant Uber's misunderstanding of the law, it is clear that courts in this circuit adhere to a broad interpretation of "class of workers"

> The statutory text supports the latter reading, as it states that the exemption applies to "seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1 (emphasis added). The structure of this text aligns and equates plural groups of employees ("seamen" and "railroad employees") with the phrase "class of workers," which suggests that all of the mentioned groups of employees are to be viewed in their entirety and as a class. Applied to this case, this would mean that Mr. Davis's agreement to arbitrate may fall within the § 1 exception if he is a member of a class of workers engaged in interstate or foreign commerce, notwithstanding the possibility that he himself is not personally engaged in interstate or foreign commerce through the course of his employment. Such a reading of § 1 has been endorsed by other courts. See Bacashihua v. U.S. Postal Serv., 859 F.2d 402, 405 (6th Cir. 1988)("[T]he concern was not whether the individual worker actually engaged in interstate commerce, but whether the class of workers to which the complaining worker belonged engaged in interstate commerce.")(citing Tenney Eng'g, Inc. v. United Elec. Radio & Machine Workers of Am., 207 F.2d 450, 452-53 (3d Cir. 1953)); Lee v. Postmates Inc., 2018 WL 6605659, at *7 (N.D. Cal. Dec. 17, 2018)(holding that couriers for the defendant company, rather than any one particular worker, did not fall within the transportation worker exception); Dancu v. Coopers & Lybrand, 778 F. Supp. 832, 834 (E.D. Pa. 1991)(similar).

Davis v. Cintas Corporation, 18-CV-01200, at *9 (W.D.Pa., May 23, 2019). Mr. Reese's role as an Uber Rideshare Driver delivering passengers, food and small packages put him into the "class of workers" exempt from the Federal Arbitration Act. Thus, he cannot be compelled to arbitrate.

### III. CONCLUSIONS

Based on the foregoing, Plaintiff, Kendall D. Reese, respectfully demands that this Court deny the moving Defendant's Motion To Dismiss, order Defendant to file complete answers to his Complaint within Twenty (20) Days.

Respectfully submitted,

*s/ Qawi Abdul-Rahman*

_____

QAR
BY:  Qawi Abdul-Rahman, Esquire
IDENTIFICATION NO.:  90454
100 South Broad Street, Suite 910
Philadelphia, PA  19110
Phone:  (215) 972-7017
Fax:     (215) 972-7087
Attorney for Kendall D. Reese
July 22, 2019

## CERTIFICATE OF SERVICE

  I, Qawi Abdul-Rahman, Esquire, on this 22d day of July 2019, hereby certify that attached document was filed in this Court and was served by ECF on the persons noted below:

Paul Lantis, Esquire
LITTLER MENDELSON, P.C.
Attorneys at Law
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102

Jacob Aslick, Esquire
SEYFARTH SHAW, LLP
Attorneys at Law
620 8th Avenue, 31st Floor
New York, NY 10018

John Drury, Esquire, Senior Counsel
SEYFARTH SHAW, LLP
Attorneys at Law
233 South Wacker Drive, Suite 8000
Chicago, IL 60606-6448

                Respectfully submitted,

                *s/ Qawi Abdul-Rahman*
                _____
                QAR
                BY:  Qawi Abdul-Rahman, Esquire
                IDENTIFICATION NO.:  90454
                100 South Broad Street, Suite 910
                Philadelphia, PA  19110
                Phone:  (215) 972-7017
                Fax:     (215) 972-7087
                Attorney for Kendall Reese
                July 22, 2019